# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:17-CR-0129** |
| | : | |
| | : | |
| **VS.** | : | **JUDGE BARRETT** |
| | : | |
| | : | |
| **DAVID DAWKINS.** | : | |

---

## SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by and through Special Assistant United States Attorney Ashley Brucato, and respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

*s/Ashley N. Brucato*

ASHLEY N. BRUCATO (0090989)
Special Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Ashley.Brucato@usdoj.gov

## MEMORANDUM

## INTRODUCTION

David Dawkins (Dawkins) entered a plea of guilty to Count One of a two-count Indictment which charged him with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1).  In exchanged for Dawkins' guilty plea, the United States agreed to dismiss Count Two of the Indictment which charged him with Illegal Possession of a Machine Gun in violation of 18 U.S.C. § 922(o).  The Presentence Report (PSR) recommends a sentence of 46 months incarceration, followed by a three-year term of supervised release.  There are no unresolved objections to the PSR.  For the reasons stated below, the United States respectfully requests this Court impose a sentence of 57 months incarceration, followed by a three-year term of supervised release.

## ARGUMENT

### I.      SENTENCING CALCULATION

#### A.  Statutory Maximum Sentence

The statutory maximum sentence this Honorable Court may impose is a term of imprisonment of 120 months (10 years), a fine not to exceed $250,000, supervised release of not more than three years, and a mandatory $100 special assessment.

#### B.  Advisory Sentencing Guidelines Calculation

In fashioning its sentence, this Court should first consider the applicable advisory guidelines range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Id.*  The advisory guidelines range, as calculated in the PSR, establishes a total adjusted offense level of 21 with a criminal history category of III, calling for a sentence of 46-57 months incarceration.

## II.    ANALYSIS OF §3553(a) FACTORS

Taking into consideration a totality of 18 U.S.C. § 3553(a) factors, the United States submits that a sentence of 57 months incarceration followed by a three-year term of supervised release is sufficient but not greater than necessary to achieve the sentencing goals as contemplated by Congress and the United States Sentencing Commission.  In this case, a sentence at the top end of the applicable guidelines range is appropriate given the nature of the offense and Dawkins' history of carrying firearms.

With respect to the nature of the offense, the fact that Dawkins converted the firearm possessed on September 28, 2017, into a fully automatic weapon is an aggravating factor that weighs in favor 57 month sentence.  With the machine gun, Dawkins also possessed a large magazine loaded with 31 rounds of ammunition.  The potential harm of possessing these two items is significant.  The firearm and ammunition Dawkins possessed would have been capable of firing off 31 rounds of ammunition with a single pull of the trigger.  Even after pleading guilty, Dawkins tried to minimize his involvement in converting the firearm into a machine gun during his interview with probation. Dawkins first told the probation officer that another man had brought the machine gun to Dawkins' house and Dawkins believed the selector switch was a safety switch. (PSR ¶ 17).  However, Dawkins ultimately admitted he was the person who installed the selector switch and converted the weapon into a machine gun.  (*Id.*).

Likewise, one of the three additional firearms Dawkins possessed had also been converted into a machine gun.  (PSR ¶12).  Dawkins told the probation officer the firearms recovered at Ms. Best's residence did not belong to him.  (PSR ¶ 18).  However, ATF agents interviewed the person

who sold Dawkins one of the firearms recovered in Ms. Best's residence and the person positively identified Dawkins as the person who bought the gun. (PSR ¶ 14). The person also told agents that the firearm was not a machine gun at the time he sold it to Dawkins and the person advised Dawkins not to convert it to a machine gun. (*Id.*). Fully automatic weapons pose a grave risk of danger to public safety and Dawkins possessed not one, but two. And if Dawkins' intent truly was to sell the machine gun or switch (PSR ¶ 17), that firearm could have fallen into the wrong person's hands and caused immense harm to the community.

Also, Dawkins has a history of illegally possessing firearms. In 2007, Dawkins was convicted of aggravated robbery. The offense involved Dawkins pointing a firearm at two victims and demanding money. (PSR ¶ 38). Dawkins was released from prison for the aggravated robbery offense in September 2012 and was on parole. (*Id.*). Less than six months later, Dawkins was arrested and ultimately convicted of trafficking in cocaine and having weapons under disability. (PSR ¶ 39). At the time of the current offense, Dawkins was still on parole for the 2007 aggravated robbery.

Additionally, the reason Dawkins gave officers a false name in the instant offense was to avoid arrest on open felony warrants out of St. Bernard. (PSR ¶ 17). The open warrants from St. Bernard were based on a June 20, 2017, traffic stop. During the traffic stop, officers smelled marijuana and were planning to search Dawkins' vehicle. Dawkins was acting nervous and when officers asked Dawkins to step out of the car, Dawkins put the car in drive and sped away. Dawkins led officers on a high-speed vehicle pursuit. Ultimately, Dawkins got away from officers, but the officers recovered a loaded .380 caliber Ruger firearm and baggies containing suspected heroin on a curb along the route Dawkins had traveled. Furthermore, the results of a search warrant executed on Dawkins' phone demonstrates Dawkins was consistently trying to buy additional firearms.

A sentence of 57 months incarceration is within the applicable guideline range and takes into account the § 3553(a) factors. The sentence appropriately reflects the nature and circumstances of the offense and the history and characteristics of the defendant. It promotes respect for the law and provides just punishment and deterrence, while also protecting the public from future crimes by the defendant. A 57-month sentence appropriately reflects the kinds of sentences available and avoids unwarranted sentence disparities among defendants with similar records found guilty of similar conduct.

## III.    CONCLUSION

Based on the foregoing and the relevant §3553(a) factors, a sentence of 57 months incarceration followed by three years of supervised release is sufficient but not greater than necessary to achieve the sentencing goals as contemplated by Congress and the United States Sentencing Commission.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

*s/Ashley N. Brucato*
ASHLEY N. BRUCATO (0090989)
Special Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Ashley.Brucato@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum of the United States was filed with the Court's CM/ECF System this day, June 29, 2018, which provides electronic notice to all parties.

s/*Ashley N. Brucato*
ASHLEY N. BRUCATO (0090989)
Special Assistant United States Attorney