**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:17-cr-129 |
| | CIVIL CASE NO.  1:20-cv-630 |
| Respondent/Plaintiff, | |
| v. | Judge Michael R. Barrett |
| DAVID DAWKINS, | |
| Petitioner/Defendant. | |

<u>**ORDER**</u>

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 31), the government's response (Doc. 33), and Petitioner's reply (Doc. 34).  For the reasons that follow, the Court will deny the motion.

**I.     BACKGROUND**

On March 6, 2018, Defendant pled guilty to possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1).  (Docs. 22, 23).  He was sentenced on July 3, 2018 to a term of 46 months of imprisonment, with credit for time served, followed by three years of supervised release.  (Doc. 27).  Judgment was entered on July 5, 2019.  (Docs. 29, 30).  Defendant did not appeal.

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  *Rehaif* held that, in a prosecution under § 922(g), the government must prove "both that the defendant knew he possessed a firearm **and** that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Id.* at 2200 (emphasis added).  Petitioner argues that, under *Rehaif*, his guilty plea is invalid.  (Doc. 31 at PageID 80, 90–94).

1

## II. STANDARD OF REVIEW

Relief under 28 U.S.C. § 2255 is warranted upon a showing of either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A petitioner using Section 2255 must demonstrate relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner argues an error of constitutional magnitude.

## III. ANALYSIS

The government disputes the merits of Petitioner's motion but argues primarily that it should be denied as time-barred. The Court agrees.

There is no question that Petitioner's motion is untimely under Section 2255(f)(1). Judgment was entered on July 5, 2018 (Doc. 29) and an appeal was required to be taken within 14 days (*see* Fed. R. App. P. 4(b)(1)(A)(i)), or by July 19, 2018. Any Section 2255 motion, therefore, was due on or before July 19, 201<u>9</u>. Petitioner's motion was not filed until August 10, 2020[1], more than a year later.

Unfortunately for Petitioner, Section 2255(f)(3) does not extend the July 19, 2019 deadline. To take advantage of this savings clause, two elements must be satisfied. First, the Supreme Court must issue a new rule of law and, second, declare that rule to be retroactive. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("We thus conclude that a

---

[1] Although docketed on August 14, 2020, Defendant's motion is signed and postmarked August 10, 2020. (Doc. 31 at PageID 96).

2

new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

The Sixth Circuit has not addressed in a published opinion whether *Rehaif* announced a "new rule of constitutional law" and, if so, whether it is to be applied retroactively. But in an unpublished opinion, the Sixth Circuit declined to allow a defendant to amend his Section 2255 motion to add a claim under *Rehaif*. *Khamisi-El v. United States*, 800 F. App'x 344, 345 (6th Cir. 2020). The court explained:

> Khamisi-El proposes to argue that his felon-in-possession conviction should be vacated based on *Rehaif*. Before *Rehaif*, the government could obtain a felon-in-possession conviction without proving that the defendant **knew** he had previously been convicted of a felony. *See, e.g., United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998). But in *Rehaif*, the Supreme Court clarified that the term "knowingly" in the felon-in-possession statute applied to both the defendant's possession of a firearm and the defendant's status as a felon. *Rehaif*, 139 S. Ct. at 2200.
>
> The rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Moreover, *Rehaif*'s change in statutory interpretation cannot be considered "newly discovered evidence."

*Id.* (emphasis in original). As noted in *Khamisi-El*, the Eleventh Circuit has determined that *Rehaif* did not announce a "new rule of constitutional law," and, even if it had, *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). The Third Circuit likewise has determined that *Rehaif* did not announce a rule of constitutional law. *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020). Further, district courts within the Circuit have consistently concluded that *Rehaif* does not apply retroactively to cases on collateral review. *See, e.g., Johnson v. United States,* No. 1:18CR57, 2020 WL 7863871, at *1 (N.D. Ohio Dec. 31, 2020); *Lee v. United States,* No. 3:19-cv-00850, 2020 WL 7425862, at *2–3 (M.D.

3

Tenn. Dec. 18, 2020); *Summers v. United States*, Nos. 2:19-CV-188, 2:16-CR-114, 2020 WL 7133044, at *4–5 (E.D. Tenn. Dec. 4, 2020); *Owens v. United States*, Nos. 3:20-CV-134, 3:06-CR-121, 2020 WL 6082729, at *4 (E.D. Tenn. Oct. 15, 2020); *O'Kelley v. United States*, Nos. 1:19-cv-322, 1:17-cr-16, 2020 WL 5735949, at *2–3 (E.D. Tenn. Sept. 24, 2020); *United States v. Saunders*, No. 1:17 CR 00511, 2020 WL 3447819, at *2 (N.D. Ohio June 23, 2020); *Swindle v. United States*, No. 1:20-CV-189, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020); *United States v. Burley*, No. 4:15 CR 352, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020); *Wright v. United States*, No. 1:16-cv-01080-JDB-jay, 2020 WL 718237, at *2 (W.D. Tenn. Feb. 12, 2020); *Maxie v. Warden*, No. 6:19-cv-300-JHM, 2020 WL 86207, at *2 (E.D. Ky. Jan. 7, 2020); *United States v. May*, No 3:16-cr-127, 2019 WL 6310195, at *1–3 (S.D. Ohio Nov. 25, 2019), *report and recommendations adopted*, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019).

Finally, even if this Court were to break stride and conclude that *Rehaif* announced a new rule, Petitioner's motion still would be untimely. Section 2255(f)(3) provides that the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" As discussed, *Rehaif* was decided on June 21, 2019, requiring a *Rehaif*-based Section 2255 motion to be filed by June 21, 202<u>0</u>. Petitioner's motion, however, was not signed and postmarked until August 10, 2020. In his reply, Petitioner asks that his motion "not be time-barred" because inmates have been on lockdown with limited access to phones and emails "on the account of the Covid-19 pandemic." (Doc.

4

34 at PageID 105). To the extent this is intended as an application for equitable tolling,[2] it would be denied. *Rehaif* was decided eight-plus months before any BOP facility[3] was placed on lockdown to stop the spread of the coronavirus, and Petitioner offers no explanation for why his motion could not have been filed before March 2020.

IV. **CONCLUSION**

Pursuant to 28 U.S.C. § 2255(b), the Court determines that the instant motion and the files and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Accord Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the law of the Sixth Circuit and the United States Supreme Court. Accordingly,

---

[2] The Supreme Court has held that 28 U.S.C. § 2244(d) is subject to equitable tolling, but only if a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted). *See also Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (applying this standard in the § 2255 context); *Johnson v. United States*, No. 3:07cr00104, 2012 WL 2847510, * 2 (S.D. Ohio July 11, 2012) ("There is no reason why the analysis should be different under § 2255 since both limitations statutes are part of [AEDPA]."). Prior to *Holland*, the Sixth Circuit had used a non-exhaustive, five-factor inquiry to determine whether equitable tolling was appropriate in the habeas context, which included consideration of whether there was resulting prejudice to the respondent. *See Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir. 2001). *Holland* changed the analysis substantially, as noted in *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745 (6th Cir. 2011): "Whereas *Dunlap* sets forth a variety of factors for the courts to consider, not all of which are necessarily comprehensive or always relevant, . . . *Holland* dictates the two requirements that *must be met* before a habeas petitioner is entitled to equitable tolling relief." *Id.* at 750 (internal quotation omitted) (emphasis added). Regardless of the framework for applicability, equitable tolling is to be employed sparingly and only upon a petitioner's demonstration of entitlement. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

[3] Petitioner is incarcerated at FCI McDowell. https://www.bop.gov/inmateloc/ (last visited 01/13/2021). On March 5, 2020, McDowell was placed on modified operations (with inmates confined to their cells) because of a flu-outbreak unrelated to the coronavirus. https://wvva.com/2020/03/05/welch-federal-prison-is-under-lockdown-amidst-flu-outbreak/ (last visited 01/14/2021). Inmates at *every* BOP institution were placed on lockdown beginning April 1, 2020 "to further mitigate the exposure and spread of COVID-19." https://www.bop.gov/resources/news/pdfs/20200331_press_release_action_plan_5.pdf (last visited 01/14/2021).

Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 31), because it was not timely filed, is hereby **DENIED**.

Further, the Court will not issue a certificate of appealability. The Court concludes that no jurist of reason would find it debatable whether this Court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court